UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISON

MAX LOUISIUS,

      Plaintiff,                                          CASE NO:   6:19-cv-2283

v.

RAUSCH, STURM, ISRAEL,
ENERSON & HORNIK LLP,
and
CASCADE CAPITAL, LLC.

      Defendant.
_____/

**COMPLAINT FOR DAMAGES
AND DEMAND FOR JURY TRIAL**

The Plaintiff, MAX LOUISIUS, by and through their undersigned counsel, files this as their Complaint for Damages and Demand for Jury Trial and state as follows:

1. Plaintiff, MAX LOUISIUS, bring this action for the illegal practices of the Defendant, RAUSCH, STURM, ISRAEL, ENERSON & HORNIK LLP (hereinafter "RAUSCH"), and Defendant CASCADE CAPITAL, LLC, which includes the contradiction of amounts of the alleged debt, false statements of monies owed, and the use of false or deceptive practices in attempting to collect an alleged debt. The Plaintiff alleges that the Defendants have violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"). The Plaintiff request the practices of Defendants described below be declared to violate the FDCPA that they each be awarded statutory damages payable by the Defendant.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 15 U.S.C. §1692k(d) (Fair Debt Collection Practices Act).

3. Venue in this District is proper because the pertinent events took place here, e.g. the cause of action accrued in this District; this case involve real property that is located in the District; and the Defendants transact business in this District.

## PARTIES

4. The Plaintiffs is an individual who reside in Seminole County, Florida, and is a "consumers" as that term is defined by 15 U.S.C. § 1692a(3) and a persons with standing to bring a claim under the Fair Debt Collection Practices Act ("FDCPA") by virtue of being directly affected by a violation of the Act; to wit, the Plaintiff has been subjected to the Defendant's debt collecting activities, which are continuous and on-going at the time of the filing of this complaint.

5. Defendant, RAUSCH is a nationwide debt collection law firm whose principal place of business in located at 250 N Sunny Slope Rd Suite 300, Brookfield, Wisconsin 53005. RAUSCH is full-service debt collection company that specializes in collecting delinquent and defaulted consumer debt on behalf of the creditors.

6. Defendant, Cascade Capital, LLC ("Cascade"), is a Delaware limited liability company, whose principal place of business is in Petaluma, California, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate. Cascade operates a nationwide defaulted debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Florida. In fact, Defendant Cascade was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debt it attempted to collect from Plaintiff. Defendant Cascade is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies. Defendant Cascade's principal, if not sole,

business purpose is the collection of defaulted consumer debts originated by others. Defendant Cascade is authorized to conduct business in Florida, and Defendant Cascade conducts extensive business in Florida by writing, calling and filing lawsuits as to hundreds of Florida consumers.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

7.  The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a (3) and are persons with standing to bring a claim under the FDCPA by virtue of being directly affected by a violation of the Act, to wit: The Plaintiff has been subjected to the Defendant's false representations of its right to collect on amount due under a promissory note and collection fees related thereto.

8.  The contract on which Defendants are attempting to collect money is "debt" within the meaning of section 15 U.S.C. § 1692a (5), as the Defendant's lawsuit addresses an alleged obligation of a consumer to pay money arising out of transaction in which the money, property, insurance, or services which were the subject of the transaction were primarily for personal, family, or household purposes. Specifically, the contract was a financing agreement in which the Plaintiff financed a vehicle for personal and family uses.

9.  Defendants are "debt collector(s)" as that term is defined by 15 U.S.C. § 1692a(6), to wit Defendants used the mail in a business the principal purpose of which was to collect debt; regularly attempts to collect debts owed or due to another; attempted to collect a debt that was already in default when it acquired the debt.

10. Defendants are "debt collector(s)" because the debt was in default when acquired by the Defendants. *See e.g. Scholosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536 (7th Cir. 2003) ("[T]he Act treats assignees as debt collectors if the debt sought to be collected was in default when acquired by the assignee ... ").

11. On or about December 3, 2018, the Defendants caused to be served a debt collection complaint on the Plaintiff that was filed on or about October 8, 2018. A copy of the complaint is attached hereto as Exhibit A.

12. The Defendants' complaint sought to collect on a "deficiency amount due" from the Plaintiff after the subject vehicle was totaled after an accident.

13. The original creditor alleges to have repossessed the subject financed vehicle.

14. The Defendants alleged that the subject vehicle only sold for $1,100.00 at auction.

15. Mr. Louisius purchased GAP Waiver Coverage for the subject vehicle.

16. The financed vehicle subject to this action was involved in an accident where the cost to repair or replace the collateral would exceed the actual cash value, as determined by the primary insurance carrier, or designated appraiser.

17. As a result of the total loss, the Plaintiff, and its assigns, waived its contractual right to hold the Defendant responsible for any amounts due under the loan after the accident that resulted in a total loss.

18. Since the vehicle was "totaled" in an accident, the debt the Plaintiff owed to Santander Consumer USA, Inc. ("Santander"), the original creditor, was cancelled.

19. Therefore, the debt allegedly assigned by Santander Consumer, Inc. to Cascade Capital LLC was a nullity and void as a matter of law.

20. Even so, the Defendants falsely alleged in its debt collection complaint that the Plaintiff failed to pay the monthly installment payments due pursuant to the contract and such failure caused the Plaintiff to be in default and materially breach the Contract.

21. The Defendants violated the law and attempted to collected phantom debt from the Plaintiff. The alleged debt the Defendants sued upon was fictious both because (1) there was no

valid debt owed to Santander, the assignor, when it allegedly assigned the debt to Defendant Cascade, or (2) if there was a valid debt, the debt was cancelled because the Plaintiff purchased GAP insurance.

22. Nonetheless, the debt collection complaint, states two (2) different amount due. In the "wherefore" clause remains a balance due and owing in the amount of $11,951.83. However, in the exhibit attached to the complaint, the amount due is $16,007.40.

23. The debt collection complaint is susceptible to more than one reasonable interpretation, and thus the debt collection complaint is deceptive or misleading to a "least sophisticated consumer"; and the Defendants have falsely represented the character, amount, or legal status of the debt.

24. The Defendants having contacted the Plaintiff directly by having served a copy of the lawsuit on Mr. Louisius, failed to provide Mr. Louisius written notice, pursuant to § 1692g of (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

**COUNT I – VIOLATION OF FAIR DEBT COLLECTIONS PRACTICES ACT – 15 U.S.C. § 1692(e) *et seq*. against Defendant RAUSCH**

25. The Plaintiffs incorporate the foregoing paragraphs 1 – 23 by reference as if set forth fully herein.

26. The Defendant intentionally or alternatively through gross negligence, violated the FDCPA by 1) falsely representing the character, amount, or legal status of a debt; 2) threatening to take action that cannot legally be taken; 3) using a false representations or deceptive means to collect or attempt to collect any debt.

27. The Defendant failed to maintain or follow any reasonable standards that would prevent it from instituting debt collection activities against the Plaintiff.

28. The Plaintiff has incurred actual damages and the Plaintiff has incurred attorney's fees and costs in pursuing this action.

29. Trial by Jury: The Plaintiff is entitled to and hereby respectfully demand a trial by jury on all issues so triable. U.S. Const. amend. 7; Fed. R. Civ. P. 38; Fla R. Civ. P. 1.430.

**WHEREFORE**, Plaintiff prays that:

A judgment be entered against each Defendant for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) for each Plaintiff; an award of actual and punitive damages, and for an award of litigation costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); injunctive and declaratory relief regarding further collection attempts; and all other relief to which Plaintiffs are entitled.

**COUNT II – VIOLATION OF FAIR DEBT COLLECTIONS PRACTICES ACT – 15 U.S.C. § 1692(e) et. seq. against Defendant Cascade**

30. The Plaintiffs incorporate the foregoing paragraphs 1 – 23 by reference as if set forth fully herein.

31. The Defendant intentionally or alternatively through gross negligence, violated the FDCPA by 1) falsely representing the character, amount, or legal status of a debt; 2) threatening to take action that cannot legally be taken; 3) using a false representations or deceptive means to collect or attempt to collect any debt.

32. The Defendant failed to maintain or follow any reasonable standards that would prevent it from instituting debt collection activities against the Plaintiff.

33. The Plaintiff has incurred actual damages and the Plaintiff has incurred attorney's fees and costs in pursuing this action.

34. Trial by Jury: The Plaintiff is entitled to and hereby respectfully demand a trial by jury on all issues so triable. U.S. Const. amend. 7; Fed. R. Civ. P. 38; Fla R. Civ. P. 1.430.

WHEREFORE, the Plaintiff prays that:

A judgment be entered against each Defendant for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) for each Plaintiff; an award of actual and punitive damages, and for an award of litigation costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); injunctive and declaratory relief regarding further collection attempts; and all other relief to which Plaintiff is entitled.

**COUNT III
FAILURE TO SEND CONSUMER A TIMELY "g" NOTICE
FAIR DEBT COLLECTIONS PRACTICES ACT against both Defendants**

35. The Plaintiffs incorporate the foregoing paragraphs 1 – 11, and paragraph 24 by reference as if set forth fully herein.

36. The Defendants violated the FDCPA 15 U.S.C. § 1692g(a) by failing to provide the information required therein within five days of the Initial Communications, the debt collection complaint.

37. As a result of the above violations of the FDCPA, the Defendants are jointly and severally liable to the Plaintiff for (1) statutory damages (in the amount of $ 1,000); and (2) costs and reasonable attorney's fees (pursuant to 15 U.S.C. § 1692k).

WHEREFORE, the Plaintiff prays that:

A judgment be entered against each Defendant, jointly and severally, for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) for each Plaintiff; an award of actual and punitive damages, and for an award of litigation costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); injunctive and declaratory relief regarding further collection attempts; and all other relief to which Plaintiffs are entitled.

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY THIS ACTION.**

Respectfully submitted on this 3rd day of December 2019, by

By: /s/ Jason Brian Phillips, Esq.

Jason Brian Phillips, Esq.
Florida Bar No: 89841
J. BRIAN PHILLIPS, P.A.
P.O. Box 621176
Orlando, FL 32862-1176
Tel. (407) 237-0192
jason@jbrianphillipsesq.com
TRIAL COUNSEL FOR THE PLAINTIFF